# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAWANA KESHUN JACKSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:16 -CV-8013-VEH |
| ) | (2:09-CR-453-VEH) |
| **UNITED STATES OF** ) | |
| **AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

### PROCEDURAL BACKGROUND AND HISTORY

The movant, Jawana Keshun Jackson, was convicted in this court on February 2, 2010, on her plea of guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1) and one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2). Pursuant to the plea agreement, Jackson waived her right to appeal or to seek post-conviction relief.

Jackson was sentenced on November 4, 2010, to a term of imprisonment for a total of 166 months, to be followed by a 60-month term of supervised release. Judgment was entered on November 5, 2010. Jackson did not appeal the conviction or sentence.

On March 28, 2012, Jackson filed a § 2255 motion to vacate, set aside, or correct the sentence. *Jackson v. United States*, 2:12-cv-8014-VEH-RRA. The motion to vacate was denied and dismissed on June 6, 2012, as being untimely filed.

Jackson filed a second challenge to her conviction and sentence on August 2, 2012. *Jackson v. United States*, 2:12-cv-8030-VEH-RRA. Although she entitled the challenge a "Motion for Sentence Reduction via Rule 60(b)," it was docketed as a § 2255 motion to vacate because Jackson admitted in the motion that she sought to challenge her conviction and sentence via Rule 60(b) because she was barred by the statute of limitations from challenging it in a § 2255 motion to vacate. The court denied the motion on April 18, 2013, finding that, to the extent the motion was filed pursuant to Rule 60(b), it was due to be denied because this court does not have jurisdiction in a criminal case to hear motions filed pursuant to Rule 60(b), and, to the extent it was filed pursuant to § 2255, it was due to be denied because this court does not have jurisdiction to consider a successive § 2255 motion in the absence of authorization from the Eleventh Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3)(A). Jackson filed a notice of appeal on May 10, 2013. The Eleventh Circuit Court of Appeals dismissed Jackson's appeal on August 21, 2013, for failure to prosecute.

On September 19, 2013, Jackson filed a "Motion for Leave to File a Supplement to the Motion to Proceed under a Habeas Corpus Based on a Claim of Actual Innocence." In that motion, Jackson asked the court to vacate her sentence in light of *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and to resentence her to a lesser sentence. She also asked the court to set aside her sentence imposed for Count Two, arguing that imposing a sentence for a violation of 18 U.S.C. § 924(c) (using/carrying a firearm during and in relation to a crime of violence) was impermissible "double counting" in light of the sentence imposed under Count One (armed bank robbery). The court construed that motion as a motion under § 2255, and it was, again, denied because Jackson once again failed to secure a successive § 2255 petition, as required by statute. Jackson sought a certificate of appealability from the Eleventh Circuit and that request was denied on August 13, 2014.

On January 6, 2015, Jackson filed her fourth post-conviction pleading, which was styled "Motion to Obtain Relief By Way of 2255(e)." She again sought to have her conviction under Count Two set aside and her sentence under Count One reduced, this time using as a procedural avenue the "savings clause" found at 28 U.S.C. § 2255(e) and 28 U.S.C. § 2241. The Government responded to Jackson's motion. Jackson replied by filing a "Motion To Establish Cause and

Prejudice" (doc. 5), which this court treated as a response to the Government's opposition. (*See* docket entry 7). In that motion, she asserted that her sentence as to Count Two should be vacated "due to [her] being Actual innocence [sic] of discharging a firearm." (Doc. 5 at 1). The undersigned denied that motion as procedurally barred under § 2255, not "saved" by § 2241, and, on the merits, she had not shown "actual innocence."

## ANALYSIS

This most recent pleading is again a § 2255 *habeas* motion. It is her fifth such motion. It raises no arguments that this court has not previously considered in one or another of her prior such motions. The court further takes judicial notice that Jackson has not demonstrated that she has permission from the Eleventh Circuit Court of Appeals to file this successive petition. Accordingly, it is procedurally barred.

"[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). Because Jackson has previously sought collateral relief pursuant to § 2255 which was dismissed, and she has not demonstrated that she has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the

instant § 2255 motion. *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944–45 (11th Cir.2005); *Farris v. U.S.,* 333 F.3d 1211 (2003) (same); *United States v. Harris*, 546 Fed. Appx. 898, 900 (11th Cir.2013) (unpublished opinion) ("A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a court of appeals.") (citations omitted).

Because this court lacks jurisdiction to entertain the instant § 2255 Petition, the court will *sua sponte* dismiss it. Such dismissal will be without prejudice to allow Jackson the opportunity to seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion.

## ORDER

**ACCORDINGLY**, it is **ORDERED** that:

1. The pending motion to vacate, set aside, or correct sentence (Doc. 1) is **DISMISSED**, without prejudice, for lack of jurisdiction.

2. The Clerk is directed to term all pending motions within this case file and the associated criminal case, *United States v. Jackson*, 2:09-cr-453-VEH-JHE.

3. The Clerk is further directed to send Jackson the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL

**IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Jackson is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of her motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant motion is clearly a successive § 2255 motion, Jackson cannot make the

requisite showing in these circumstances. Finally, because Jackson is not entitled to a COA, she is not entitled to appeal in forma pauperis.

    **DONE** and **ORDERED** this the 23rd day of March, 2016.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge